EDMUND C. CORBETT, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] The Superior Courts in this State have the same power, in relation to bail in criminal cases, as the Courts of King's Bench in England.

[2.] The Court of King's Bench in England, and the Superior Courts in this State, have the power to grant bail in all bailable cases, until the accused is in execution.

Indictment for forgery, from Muscogee county.    Decided by Judge WORRILL, in November Term, 1857.

Bail after verdict of guilty.

A true bill was found against Edmund C. Corbett, charged with demanding payment of a forged note.    Corbett gave a bond with ample sureties, as required by the Court, to appear and abide the judgment of the Court.    Upon the trial, at November Term, 1857, the jury returned a verdict of guilty against Corbett, and upon the return of this verdict, the Judge ordered him into the custody of the Sheriff.    To this order Corbett and his sureties objected.    After this order, and during the pending of a motion in arrest of judgment, Corbett moved the Court to be admitted to bail, offering to give a bond to any amount the Court might require, with good sureties.    This motion the Court refused, on the ground that the case was not bailable at law after a verdict of guilty had been rendered.

To this order and decision Corbett by his counsel excepted.

HOLT & HUTCHINS; WELLBORN, JOHNSON & SLOAN; RAMSAY & CARITHERS, for plaintiff in error.

Sol. Gen. OLIVER; and DOUGHERTY, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] It never has been doubted but that the Superior Courts in this State have the same power, in relation to bail in crimi-

nal cases, as the Court of King's Bench in England. And it seems that that Court may, in its discretion, admit to bail persons attainted of felony, or convicted thereof, by verdict general or special, where there is some special motive to induce the Court to grant it. And this power continues until the person is *in execution*, or punished with imprisonment for the offence.

It will be readily perceived, that it is impossible for this Court to specify the circumstances which will authorize the Court to act. Each case must depend on its own merits. We will cite the examples which are mentioned in the books, by way of illustration.

If one be convicted of felony, upon evidence, by which it plainly appears to the Court that he is not guilty of the crime, or where the prisoner may be in danger of losing his life, either by famine or dangerous distemper, unless he be bailed, in such cases the authorities are, that the Court will admit to bail after verdict.

[2.] In short, the law is this : The Court has the *power* to grant bail in all bailable cases, until the accused is in execution. But this discretion must be exercised or refused in each particular case, according to the facts which attend it.

Understanding the judgment as we do, that the Court based its decision upon the want of power in the Court to admit to bail in an infamous crime, after verdict, we reverse the judgment, for the purpose of settling the law, as we understand it.

The whole subject is under the control of the Court. It may order a new bond, or the old bond to be strengthened. The end being, not punishment before final judgment, but security that the offender shall not escape. In many cases, ample bail would, perhaps, afford better security than the four walls of one of our rickety jails—but few of which are proof against internal and external assaults, and still fewer, to the *golden key* which unlocks prisons at pleasure. And the punitory power of the law never will be fully felt, until a criminal jail for each Judicial Circuit is constructed—built

and occupied, or otherwise guarded—after the fashion of the most improved city prisons.

In this very case, at this Term, this Court has, by its solemn judgment, pronounced that Corbett was illegally convicted. And that the judgment of the Court, upon the verdict finding him guilty, should have been arrested, upon the ground, that the indictment charged no offence, under the penal code. Did the law make it *imperative* upon the Court to incarcerate Corbett before his rights were finally adjudicated? We think not.

Judgment reversed.