## JERNAGIN v. THE STATE.

Whether based on a prima facie case of murder, on evidence of probable guilt, on the sickness or physical condition of the defendant, or on other cause, the granting or refusal of bail in capital cases is peculiarly within the discretion of the judge of the superior court, and will not be controlled unless it has been manifestly and flagrantly abused. There was no abuse of discretion in the present case.

Argued July 22, — Decided August 11, 1903.

Application for bail. Before Judge Mitchell. Berrien superior court. June 13, 1903.

*Hendricks & Harrison*, for plaintiff in error.
*W. E. Thomas*, solicitor-general, and *H. B. Peeples*, contra.

LAMAR, J. The magistrate having committed Jernagin for murder, the defendant applied to the judge of the superior court for bail. In his petition he admitted the killing, stated that the only eyewitnesses were his wife and two infant children, and claimed that he had at once proceeded to the nearest town and surrendered himself to an officer. He alleged that the deceased was a man of great physical strength and of violent temper, and had threatened to kill the plaintiff in error, who acted in self-defense. The petitioner also alleged that he was weak of body and suffered greatly from sickness, and that his health would be seriously impaired by confinement in jail during the summer months and until the next term of court. After hearing evidence the judge refused to allow bail.

In *Lester* v. *State*, 33 *Ga.* 192, and *Corbett* v. *State*, 24 *Ga.* 391, the application for bail was in term and to the court. It may be that under the Penal Code, § 933, the judge of the superior court is not acting as a habeas corpus court (*Carter* v. *Janes*, 96 *Ga.* 280), and that a bill of exceptions would no more lie to his decision than would a certiorari from an order of commitment by a magistrate. But as that question is not put in issue in this record, we content ourselves with emphasizing, if possible, what was said in *Lester* v. *State*, 33 *Ga.* 192. Whether based on a prima facie case of murder, or evidence of probable guilt, or on the sickness or physical condition of the defendant, or on any other cause, in a habeas corpus proceeding, or on any other proceeding which may be brought to this court by bill of exceptions, the granting or refusal of bail in capital cases is a matter peculiarly within the discretion of the

judge of the superior court, and will not be controlled, unless it has been manifestly and flagrantly abused.

*Judgment affirmed. By five Justices.*