## 7712.  NOBLES *v.* THE STATE.

There was no abuse of discretion in refusing bail to the accused.

DECIDED OCTOBER 24, 1916.

Application for bail; from city court of Dublin—Judge Hicks. June 22, 1916.

*Fred Kea,* for plaintiff in error.  *S. P. New, solicitor,* contra.

WADE, C. J. The sole question before us for determination is whether or not the trial court erred in refusing bail in a criminal case. The granting or refusal of bail in criminal cases is a matter resting in the sound discretion of the court, to be exercised or not, according to the facts of each particular case. *Corbett* v. *State,* 24 *Ga.* 392. "The exercise of this discretion at common law

depended to some extent upon the gravity of the offense, bail being more readily granted in cases involving misdemeanors than in those involving felonies." *Vanderford* v. *Brand*, 126 *Ga.* 67, 69 (54 S. E. 822, 9 Ann. Cas. 617). "Before this court will interfere to control the judgment of the court below in a matter resting solely in its discretion, it must be made to appear that it has been exercised in an arbitrary, unjust and oppressive manner. In other words, that such discretion has been flagrantly abused." *Lester* v. *State*, 33 *Ga.* 192, 194. See also *Jernigan* v. *State*, 118 *Ga.* 307 (45 S. E. 411).

The defendant was found guilty of a misdemeanor and his application for bail was refused pending the determination of his motion for a new trial. "There is a wide difference in the situation of a person accused of crime before and after he is convicted. . . After he has been tried and convicted, there is no longer any presumption that he is innocent. On the contrary, if he seeks to obtain a new trial, the presumption is in favor of the legality of the conviction, and the burden of showing error is upon him." *Vanderford* v. *Brand*, supra, 70. Though the discretion of the court in granting bail after conviction is exercised more freely in misdemeanor cases than in felonies (3 Am. Eng. Enc. Law (2d ed.), 675), under the recitals in the order of the judge refusing bail in this case it does not appear that he abused the discretion vested in him by his refusal to admit the defendant to bail after conviction. See *Maddox* v. *State*, ante, 712.                    *Judgment affirmed.*