## NEWSOME *v.* SCOTT, sheriff.

The accused in all criminal cases less than capital felonies, before indictment and trial, is entitled to bail as a matter of right and not as a matter of discretion.

No. 2169. June 18, 1921.

Habeas corpus. Before Judge Lovett. Screven superior court. July 20, 1920.

*M. R. Lufburrow* and *Boykin & Hollingsworth,* for plaintiff.

*Overstreet & Overstreet,* for defendant.

George, J. Roscoe Newsome was arrested on a warrant charging him with a violation of the prohibition laws of this State. After a hearing before a justice of the peace, sitting as an examining or committing magistrate, he was committed to jail without bail, for the offense of manufacturing intoxicating liquors. He applied to the judge of the superior court for the writ of habeas corpus, alleging that he had tendered suitable and sufficient bail and that the committing magistrate had refused to allow it. Upon the hearing, the judge of the superior court ordered that the prisoner be remanded and retained in the custody of the sheriff, and that the writ be discharged. To this order and judgment Newsome excepted.

Prior to the act of the General Assembly approved March 28, 1917 (Act Ex. Sess. 1917, p. 18, § 23), the manufacture of alcoholic or intoxicating liquors in this State was a misdemeanor. By the act referred to the manufacture of such liquors was declared to be a felony, punishable by confinement in the penitentiary for. not less than one year nor longer than five years. The plaintiff in error contends that in felony cases less than capital, the defendant is, before indictment, entitled to bail as a matter of right, and that the granting of bail in such cases does not rest in the discretion of the court. His secondary contention is that if the granting or refusal of bail in such cases rests in the discretion of the committing court, that discretion was flagrantly abused under the facts of the case. The sheriff contends to the contrary on both propositions. The main question has not been before the courts of last resort of this State for adjudication. Before the organization of the Supreme Court and before the adoption of our first code, Judge R. M. Charlton held (see *State* v. *Howell, R. M. C.* 120) that the prisoner who was charged with having in his possession a counterfeit bank-bill with intent to pass the same in this State, which at that time was a felony punishable by imprisonment at hard labor for any period of time not exceeding fifteen years, was not as a matter of right entitled to bail before indictment, and remanded the prisoner to the custody of the sheriff. The case is not binding as authority, but is persuasive, and has been cited with apparent approval by the Supreme Court several times, though the exact question therein involved has not, as stated above, been before the Supreme Court for adjudication. It has been held by the Supreme Court, and seems now to be settled law, that a defendant in a criminal case, after trial and conviction, is not entitled to bail as a matter of right, but that the granting or refusal of bail, pending the disposition of his motion for new trial or of his case on appeal, rests in the sound discretion of the court. In *Corbett* v. *State,* 24 *Ga.* 391, it was held that the superior courts in this State have the same power, in relation to bail in criminal cases, as the courts of King's Bench in England. Pending final determination of his motion in arrest of judgment Corbett was denied bail, upon the ground that the case was not bailable at law after a verdict of guilty had been rendered. This judgment was reversed, but it was held that the granting or refusal of bail rested in the sound dis-

cretion of the court. In *Lester* v. *State,* 33 *Ga.* 192, a capital case, it was held broadly that the granting or refusal of bail in criminal cases is a matter resting in the sound discretion of the court, to be exercised or not according to the facts of each particular case. Lester was indicted for murder, but upon his trial the jury was unable to agree, and a mistrial was declared. Thereafter he moved the court to be admitted to bail. The presiding judge refused to admit the prisoner to bail. In *Vanderford* v. *Brand,* 126 *Ga.* 67 (2), 69 (54 S. E. 822, 9 Ann. Cas. 617), it was held: "Where a person who was indicted for the crime of rape was found guilty with a recommendation to mercy, and was sentenced to the penitentiary for twenty years, and thereupon, after refusal of a new trial, filed a bill of exceptions bringing the case to this court, he was not entitled as a matter of right to demand that he should be admitted to bail; but whether bail should be allowed him or not was a matter within the sound discretion of the presiding judge." In the *Vanderford* case the court was called upon to construe section 1077 of the Penal Code of 1895 (section 1104 of the Penal Code of 1910). That section in part reads as follows: "The bill of exceptions thus filed shall operate as a supersedeas, upon the plaintiff in error complying with the following terms: Where the offense is bailable, the defendant shall enter into a recognizance before the clerk," etc. It was held that the expression "where the offense is bailable," as used in this section, meant where it was bailable in the sound discretion of the presiding judge. In the opinion in the *Vanderford* case it was said: "There is a wide difference in the situation of a person accused of a crime before and after he is convicted. Before he is convicted, he is detained in custody or required to give bail to insure his presence at the trial, and to abide its results. While in some jurisdictions it is held that the finding of a bill of indictment raises a presumption against him, in Georgia the presumption of innocence remains with him even through the trial. But after he has been tried and convicted, there is no longer any presumption that he is innocent. On the contrary, if he seeks to obtain a new trial, the presumption is in favor of the legality of the conviction, and the burden of showing error is upon him." In the late case of *Crumley* v. *Gibbs,* 149 *Ga.* 119 (99 S. E. 297), it was held that "Where a person who was indicted for the crime of murder was convicted of volun-

tary manslaughter, he was not entitled as a matter of right, pending his motion for new trial, to demand that he should be admitted to bail; but whether bail should be allowed him or not was a matter within the sound discretion of the presiding judge." In that case the court had under consideration an act of the General Assembly approved August 17, 1916 (Acts 1916, p. 157). Sections one and two of the act are as follows: " Sec. 1. . . It shall be the right of any person convicted of a crime in this State, which is bailable under the law, and in which case a motion for new trial shall have been filed as provided by law, to give a supersedeas bond immediately upon the filing of such motion for new trial, without having to wait for the signing or filing of a bill of exceptions in such case. Sec. 2. . . The judge of the court having jurisdiction of such case shall immediately, upon the approval and filing of a motion for new trial therein, assess the amount of the bond referred to in the preceding section, which shall be approved in the same manner as supersedeas bonds in criminal cases are now approved in this State." In the course of the opinion, by Atkinson, J., it was said: " The statute employs the word ' bailable,' which was similarly employed in the older statute. Penal Code, § 1104. But as that word was construed in *Vanderford* v. *State,* supra, so should it be construed in the act of 1916 as referring to a case that was bailable in the sound discretion of the trial judge." In *Maddox* v. *State,* and *Nobles* v. *State,* 18 *Ga. App.* 712, 713 (90 S. E. 377), both misdemeanor cases, the Court of Appeals held that after verdict the granting or refusal of bail was within the discretion of the trial judge. Thus it will be seen that the general rule in this State is that in all criminal cases the granting or refusal of bail after verdict is a matter resting in the sound discretion of the trial court. Capital offenses are bailable only before a judge of the superior court, and the granting or refusal of bail in all capital cases is peculiarly within the discretion of the judge of the superior court. Penal Code (1910), § 958; *Jernagin* v. *State,* 118 *Ga.* 307 (45 S. E. 411). It is true that in *West* v. *Colquitt,* 71 *Ga.* 559 (51 Am. R. 277), Chief Justice Jackson said that the right to give bail on reasonable terms is a right guaranteed by both the constitution of the United States and the constitution of Georgia, and that a party accused of every " bailable " offense shall have the " inestimable privilege " of giving

security for his attendance at court, and shall not be imprisoned if he can give security for a reasonable sum of money for his appearance. That was a case in which the sureties on a recognizance to produce the body of the prisoner to answer for one offense claimed to have been discharged by a subsequent arrest for another offense and recognizance with different sureties for appearance thereunder. It must be conceded that much of the language of the Chief Justice was obiter dicta, and it must likewise be conceded that he did not define the words "bailable," or "bailable offense." The eighth amendment to the constitution of the United States, to which reference was made by the Chief Justice, has application to powers exercised by the government of the United States, and not to those of the individual states. *Loeb* v. *Jennings,* 133 *Ga.* 796 (3), 801 (67 S. E. 101, 18 Ann. Cas. 376). The provision of the State constitution that "Excessive bail shall not be required" (Civil Code, § 5706) has been held not to "determine any right to bail, or in what cases it exists, but only prohibits excessiveness in amount, where bail is allowed." *Vanderford* v. *Brand,* supra. It seems to be the rule generally followed, that, in the absence of constitutional or statutory provision, bail is allowed under the common-law rule, and the court may grant or refuse the privilege in its discretion, except in misdemeanor cases, which are bailable as a matter of right. 3 R. C. L. 6; 4 Bl. Com. 297; 1 Bishop's Crim. Pro. § 256 (3); 3 Am. & Eng. Enc. L. (2d ed.) 664; 6 C. J. 953; 5 Cyc. 68; see exhaustive note to In re Thomas, 39 L. R. A. (N. S.) 752. If the defendant in a criminal case less than capital, before indictment, may demand bail as a matter of right, the right must be found in our statutes. The Penal Code, § 958, provides: "Capital offenses are bailable only before a judge of the superior court; and this is, in every case, a matter of sound discretion. All other cases are bailable by the committing court." This section first appeared in the Code of 1863. In its original form it was as follows: "No person shall give bail but once before indictment found, nor more than twice afterwards, before trial. Capital offences are bailable only before a judge of the superior or three justices of the inferior court, and is, in every case, a matter of sound discretion. All other cases are bailable by the committing court. Excessive bail shall never be demanded." This section appeared practically without change in the Codes of 1868 and 1873.

In the Code of 1882 the same wording was followed, except as changed by the act approved August 29, 1879 (Acts 1878-79, p. 55), which provided that "No person shall give bail more than twice for the same offense, after presentment or indictment found." The section appears in the Penal Code of 1895 as sections 933 and 934, and in the Code of 1910 as sections 958 and 959. Section 958 is quoted above, and section 959 of the present code is simply a codification of the act of August 29, 1879, quoted above. It will thus be seen that the last sentence of section 4625 of the Code of 1863, to wit, "Excessive bail shall never be demanded," was carried forward in all subsequent codes until the Code of 1895. We are of the opinion that the General Assembly in adopting the Code of 1863 intended that in all criminal cases less than capital the accused, before indictment, should be allowed bail as matter of right, and that the right should not be rendered nugatory by demanding or requiring excessive bail. This has been the generally accepted rule in this State.

In 1832 the General Assembly passed an act to alter and amend "an act to make uniform the proceedings against bail in criminal cases." In the preamble it was recited, "Whereas the laws now of force in this State are susceptible of a construction which enables persons in criminal cases, by repeated renewals and forfeitures of their bail bonds and recognizances, to elude and procrastinate their trial and thereby defeat the ends of justice; for remedy whereof" it was enacted that "from and after the passage of this act it shall not be lawful for any person or persons whomsoever to give bail more than twice for the same offence before trial thereof." Cobb's Digest, 862. With reference to the hearing before the court of inquiry it was provided by an act approved February 23, 1866 (Acts 1865-66, p. 236), that "Where the cause is postponed to a future day at the instance of either party, or by the court, it shall not be necessary to commit the defendant to jail pending the hearing, but he shall have the right to give bail for appearance at the hearing before said court of inquiry; provided, the offence be bailable under the authority of said court." This provision now appears as a part of section 933 of the Penal Code of 1910. By section 947 of that Penal Code it is declared: "If bail is tendered and accepted, no regular commitment need be entered, but a simple memorandum of the fact of bail being taken. A reasonable opportunity shall

be allowed the accused to give bail; and even after commitment and imprisonment, the committing court may order the prisoner brought before him to receive bail." Section 948 of the Penal Code of 1910 provides: "If the party waives a hearing and tenders bail, a memorandum of these facts shall be entered on the warrant; and this may be done by the party charged before arrest, and, when done, shall operate as a supersedeas." Section 957 of the Penal Code (relating to arrests under bench-warrant) provides that "Every officer is bound to execute it within his jurisdiction, and every person so arrested must be committed to jail until bail is tendered; any judicial officer, or the sheriff of the county where the accusation was found, may receive the bail, fix the amount of the bond, and approve the sureties, unless it be a case that is bailable only before some particular officer." It will thus be seen that prior to the hearing before the court of inquiry, and in the event of the postponement of the hearing, the accused is entitled as a matter of right to bail if the offense is bailable under the authority of the committing court. It seems also that after the return of an indictment or presentment by the grand jury the defendant, in every criminal case less than capital, is entitled to bail as a matter of right. While the General Assembly has not explicitly declared that the accused in a criminal case less than capital is entitled to bail as matter of right, we nevertheless hold that the provisions of our code, quoted above, indicate that the legislature intended to modify the rule at common law. In this view of the matter the court erred in dismissing the writ and in remanding the applicant to the custody of the sheriff and jailer. He should have ordered his discharge upon the giving of sufficient bail.                    *Judgment reversed. All the Justices concur.*