18321. MacNEILL, Treasurer, *v.* FULTON COUNTY *et al.*

Argued September 16, 1953—Decided October 14, 1953.

*Harold Sheats, Standish Thompson,* for plaintiff in error.

*Durwood T. Pye, J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden, E. A. Wright,* contra.

Candler, Justice. Mabel Abbott MacNeill, as Treasurer of Fulton County, filed a suit under the provisions of our declaratory-judgment statute which proceeded to judgment against Fulton County, the Commissioners of Roads and Revenues of Fulton County, the City of Atlanta, and W. O. Duvall, as Chairman of the Joint Bond Commission of Fulton County. Her petition in substance alleges: The Commissioners of Roads and Revenues of Fulton County decided to submit to the voters of the county a proposal to issue bonds for traffic improvement in

Fulton County. As shown by a resolution, which they adopted and spread upon their minutes on April 14, 1952, the commissioners agreed with the City of Atlanta that they would, if the proposed issue of county bonds were approved by the voters, spend $6,000,000 thereof in the incorporated area of the City of Atlanta for the purpose of aiding in the completion of the Expressway System and $700,000 in the unincorporated area of the county for traffic improvements in co-operation with the State and Federal authorities; provided, the City of Atlanta would also vote an issue of city bonds in the amount of $6,000,000 and use the funds derived therefrom for the purpose of aiding in the completion of the Expressway System in Fulton County and as located within the corporate limits of the City of Atlanta, which agreement was publicized over radio, in the newspapers, and otherwise, in connection with the bond election and used as an inducement to influence the voters to approve the proposed issue of bonds. At a county-wide election on July 1, 1952, the voters of Fulton County, pursuant to a resolution therefor and notice thereof, voted in favor of issuing county bonds aggregating in amount $6,700,000, "for the purpose of providing funds to be used for and applied toward the completion of the Traffic Improvement Program by the acquisition and construction of expressways, by-passes, overpasses, underpasses, approaches, bridges, viaducts, streets and walkways and other facilities useful in connection therewith, acquiring the necessary property therefor and paying damages arising therefrom and expenses incident thereto and to accomplish the foregoing, in whole or in part, to match available city, county, State, and Federal funds or contribute funds to others for that purpose where the undertaking is to be performed by such political entity." Its bonds were subsequently confirmed and validated in the manner and way provided by law. Pursuant to its agreement with Fulton County and in order to comply with it, the City of Atlanta submitted to its voters a proposal to issue city bonds in the amount of $6,000,000 for the purpose of aiding in the completion of the Expressway System; and, at an election called therefor, the voters of the city approved the proposal, and its bonds were subsequently confirmed and validated. It was stipulated between the parties that the City of Atlanta had sold its bonds for the

purpose of matching a like amount which Fulton County had agreed to put up for the purpose of aiding in the completion of the Expressway System in Fulton County and in the incorporated area of the City of Atlanta; and that Fulton County had also sold a like amount of its bonds to bona fide purchasers for the purpose of complying with its part of the agreement. Fulton County, through its county commissioners, at a regular meeting of the board held on April 1, 1953, allocated and set apart $400,000 from such bond funds for the purpose of purchasing a right of way for the Expressway System in Fulton County and between designated points wholly within the incorporated area of the City of Atlanta as recommended by the Joint Bond Commission of Fulton County. It is the legal duty of the plaintiff, as county treasurer, to hold all funds belonging to the county, including its bond funds, and disburse them, when directed to do so by the county commissioners, for the purposes specified by the Constitution and laws of this State, and her official bond is so conditioned. Under the provisions of an amendment to article XI of the Constitution of 1945, which the people of Georgia ratified at a general election on November 4, 1952 (see Ga. L. 1951, p. 828), she is informed and believes, and accordingly contends and alleges that Fulton County and its Commissioners of Roads and Revenues cannot lawfully expend, directly or indirectly, any of its bond funds in that part of Fulton County located within the incorporated area of the City of Atlanta for the purpose of aiding in the construction of the Expressway System or for the purpose of paying for a right of way therefor. As to this, the petition alleges that there is an actual controversy and a justiciable dispute between the plaintiff, as county treasurer, and the defendants which should be determined and settled by a declaratory judgment, and there is a prayer for such relief.

The petition was not demurred to, but the defendants in due time filed answers, in which they admit the pleaded facts, but deny that the amendment to article XI of the Constitution of 1945, as ratified on November 4, 1952, prohibits Fulton County and its Commissioners of Roads and Revenues from using county-bond funds for the purpose for which a part of them had been set apart on April 1, 1953. Further answering the petition, the defendants Fulton County and the Commissioners of Roads

and Revenues of Fulton County aver that the funds derived from Fulton County's bond issue of July 1, 1952, can be lawfully used for the purposes for which the bonds were voted at any place within the territorial limits of Fulton County; that an actual controversy respecting a lawful expenditure of the bond funds does exist between the plaintiff and the defendants; and that the court should by declaratory judgment determine and settle the controversy for the guidance and protection of those charged by law with the responsibility of a proper expenditure of the funds, and they pray for such a judgment. The City of Atlanta, in further answer to the petition, avers that the taxpayers of the City of Atlanta, the taxpayers of Fulton County, the City of Atlanta itself, and the holders of the bonds which Fulton County voted on July 1, 1952, have vested contractual rights therein which require an expenditure of the proceeds derived therefrom for the purpose for which the bonds were voted and validated; that Fulton County's bonds of July 1, 1952, were voted and validated prior to the date on which the people ratified the amendment to article XI of the Constitution of 1945; and that the amendment to the Constitution, as it retroactively affects the bonds issued by Fulton County on July 1, 1952, offends article I, section X, paragraph I of the Constitution of the United States, which inhibits the enactment of legislation impairing the obligation of contracts. W. O. Duvall, as Chairman of the Joint Bond Commission of Fulton County, further answering the petition, avers that the bonds of Fulton County which were authorized by the voters on July 1, 1952, and subsequently validated, predate the amendment to the Constitution of 1945; that the bonds as voted and validated create a relationship equivalent to a contract between the electors of Fulton County and Fulton County; that Fulton County is legally bound to use the proceeds derived from a sale of the bonds for the purpose for which they were voted, and for such purpose only; that the amendment, when given retroactive effect, violates article I, section X, paragraph I, of the Constitution of the United States (Code § 1-134), which reads in part: "No State shall . . . pass any Ex post facto law or law impairing the obligation of contracts"; and article I, section III,

paragraph II, of the Georgia Constitution of 1945 (Code, Ann., § 2-302), which declares that "No . . . Ex post facto law, retroactive law or law impairing the obligation of contracts, . . . shall be passed."

On the hearing the judge found: First, that an actual controversy and a justiciable dispute existed between the parties, and that jurisdiction of the court to render a declaratory judgment was shown by the pleadings; and, second, that the constitutional amendment which was ratified on November 4, 1952, does not prohibit Fulton County from expending the proceeds of its bond issue of July 1, 1952, for the purpose of building an Expressway System in Fulton County located wholly or in part within the corporate limits of the City of Atlanta, including an expenditure from such bond funds in Fulton County for the purpose of paying for a right of way within the incorporated area of the City of Atlanta for the purpose of building such Expressway System. The plaintiff excepted and assigned error on the second ruling only.

While other questions may have been raised by the pleadings which the trial judge could have determined and settled by a declaratory judgment in the case at bar, we must, however—since this court, under article VI, section II, paragraph IV of the Constitution of 1945 (Code, Ann., § 2-3704), has no original jurisdiction but is a court only for the trial and correction of errors of law—confine our consideration of the case to the rulings actually made by the judge to which there is an exception. See *Johnson* v. *Lancaster*, 5 *Ga.* 39 (4); *Vanderford* v. *Brand*, 126 *Ga.* 67 (54 S. E. 822). We will, therefore, move on and deal with the only ruling upon which error is assigned in the bill of exceptions. It is not insisted, nor could it successfully be, that Fulton County's bond issue of July 1, 1952, is for any reason illegal, or that the funds derived therefrom could not have been lawfully used, prior to November 4, 1952, for the purpose for which $400,000 was set apart on April 1, 1953, by the board of county commissioners; but it is contended and argued that an amendment to article XI of the Constitution of 1945, which was ratified by the people of Georgia on November 4, 1952, inhibits the use of Fulton County bond funds as well as other county funds for traffic-improvement purposes of any

character, including the purchase of rights of way, in that part of the county which is located within the corporate limits of the City of Atlanta. This contention does not have our concurrence. Conceding, but not holding, that the amendment to article XI of the Constitution of 1945 should be construed to mean what the plaintiff contends, it could not be applied retroactively so as to invalidate Fulton County's bond issue of July 1, 1952, or to alter the purpose for which its bonds were voted and validated. *Gainesville Midland Ry.* v. *Jackson,* 1 *Ga. App.* 632 (57 S. E. 1007). The approval of these bonds by the electors of Fulton County and their subsequent validation according to statute created a status analogous to a contractual relation between such electors and the State, which could not be destroyed or impaired by a subsequent statute or by a subsequent constitutional provision without offending the contract clause of both the State and the Federal Constitutions. Code § 1-134; Code (Ann.) § 2-302; 43 Am. Jur. 276, 356, §§ 9, 105; *Wheeler* v. *Board of Trustees of Fargo Consol. School Dist.,* 200 *Ga.* 323 (37 S. E. 2d 322), and cases there cited. Hence, the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*