47099.   POWERS v. THE STATE.

DEEN, Judge. 1. A line-up identification is a critical stage in the trial as to which the defendant is entitled to have his attorney present. United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149); Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178). Courtroom identification by a witness to whom the defendant was exhibited in the absence of counsel before trial must be excluded unless it can be established that the evidence had an independent origin so as to make its admission in evidence harmless. *Baier v. State,* 124 Ga. App. 334 (183 SE2d 622). Where a motion to suppress evidence of the line-up identification is granted because the constitutional rights of the defendant to have his attorney present are violated, and it becomes necessary to determine whether the in-court identification has been tainted thereby or is of independent origin, evidence as to the brevity of intervening time, correct descriptive details, absence of "coaching" techniques and correctness, firmness and immediacy of identification may be considered, and if nothing at all suggests a relationship between the line-up and in-court identifications, it is possible to purge the identification of its "primary taint." Wong Sun v. United States, 371 U. S. 471, 488 (83 SC 407, 9 LE2d 441); *Butler v. State,* 226 Ga. 56 (172 SE2d 399).

The prosecuting witness was awakened to find a man

searching his bedroom. He had a good front and back view of him before the intruder fled. He immediately called the police who arrived within five minutes. His description was accurate and fairly detailed. The defendant was arrested within minutes, taken to headquarters, placed in a line-up and identified by the witness within less than an hour from the time he was first discovered by the witness. Under these circumstances, the allowance of an in-court identification on the trial of the defendant five weeks later after ruling out evidence of the line-up identification was without error.

This decision does not constitute a ruling that in-court identifications will be generally acceptable where the line-up has been conducted under impermissible circumstances, even in the absence of evidence throwing doubt on its validity. It verges on impossibility to penetrate the witness' mind and determine statistically what part of the identification depends on the original and what part on the intermediate viewing. In the present case the immediacy and definiteness of the identification based on the description given are deemed sufficient for the purpose.

2. The court instructed the jury to disregard all testimony regarding the line-up identification, informed them they might "take into consideration all the circumstances surrounding the in-court identifications the accused" and that, if the circumstances of the identification are not convincing beyond a reasonable doubt they must acquit. This charge is not, as contended by the appellant, subject to the construction that it allowed the jury to consider evidence of line-up identification.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*
SUBMITTED APRIL 6, 1972—DECIDED APRIL 19, 1972.

*Murray M. Silver,* for appellant.
*Lewis R. Slaton,* District Attorney, *Richard E. Hicks, Joel M. Feldman, James H. Mobley, Jr.,* for appellee.