49986. REED v. THE STATE.

MARSHALL, Judge.

Appellant was indicted on three counts of unlawfully selling cocaine and heroin. A jury found him guilty of Counts 2 and 3 but not guilty of Count 1. *Held:*

1. Appellant contends that the trial judge violated his rights under the Eighth Amendment of the Federal Constitution (Code § 1-808) and Art. I, Sec. I, Par. IX of the Georgia Constitution (Code Ann. § 2-109) ("Excessive bail shall not be required . . .") by denying his motion to set bail bond.

Ga. L. 1973, p. 454 (Code Ann. § 27-901) amended Ga. L. 1878-9, p. 55; 1922, p. 51, by replacing the words "capital offenses" with specific offenses which the legislature intended to be bailable *only in the discretion* of a superior court judge. Among those offenses is the offense

of "giving, selling, offering for sale . . . any narcotic drug." Appellant would have us rule that whenever a superior court judge exercises his discretion under the amended Code section and refuses bail for any offense that is non-capital he would violate the accused's constitutional rights to bail. See *Newsome v. Scott,* 151 Ga. 639 (107 SE 854). We note that the Georgia Supreme Court has not ruled on the constitutionality on that portion of the amended Code section which makes bail in non-capital felony cases subject to the discretion of a superior court judge. This court has no jurisdiction to pass on that question. Code Ann. § 2-3704. Since the legislature has placed the non-capital offense of sale of narcotics (as well as perjury) into the same category as capital offenses (rape, armed robbery, aircraft hijacking, treason and murder) insofar as bail is concerned, we must apply the old rule applied in capital cases: ". . . the granting or refusal of bail in capital cases is a matter peculiarly within the discretion of the judge of the superior court, and will not be controlled, unless it has been manifestly and flagrantly abused." *Jernagin v. State,* 118 Ga. 307 (45 SE 411); *Pennaman v. Walton,* 220 Ga. 295 (138 SE2d 571). We find no abuse of discretion here.

2. Appellant next contends that the in-court identification of the accused by the state's only eyewitness was tainted by the witness' view of a single photograph of the accused on several occasions after the accused was indicted.

"[E]ach case must be considered on its own facts, and . . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247). Georgia courts have consistently followed that test. *Moye v. State,* 122 Ga. App. 14 (1) (176 SE2d 180). Here the state's eyewitness, the police narcotics undercover agent who made the purchases from appellant, testified that he had seen the appellant before the first sale at various locations "around town"; that the appellant "was one of

the ones I was looking for" when he went to the place where the first and second sales took place; that he saw appellant "on numerous occasions" before he was arrested and on the day of arrest; that he had referred to a photograph of appellant on several occasions before and after his arrest, during the course of his investigation. He also testified that he based his in-court identification on his observations of the appellant "on the times prior to . . . and on the 19th, 21st and 27th [of November, 1973]" (the date of the sales).

These facts distinguish this case from *Holcomb v. State,* 128 Ga. App. 238 (196 SE2d 330); *Baier v. State,* 124 Ga. App. 334 (183 SE2d 622) and Workman v. Caldwell, 338 FSupp. 893 (1) (D. C., N. D. Ohio) affirmed in 471 F2d 909 (6th Cir., 1972), wherein the courts found the witness's prior view of a photograph of the accused impressively suggestive. There the evidence clearly showed that the origins of the witnesses' identifications were the photographs shown them after the commission of the offenses. Here, the origin of the undercover agent's identification is his personal observations of the appellant before, during and after the commission of the offenses, independent of his viewing the photograph of the appellant. Under "the factual surroundings of this case," the witness' identification of the appellant as the perpetrator of the offenses charged was proper. Simmons v. United States, 390 U. S. 377, supra.

We also find the trial court's instruction in regard to identification (that "the identity of the defendant" must have been proven by the state "to your satisfaction and beyond a reasonable doubt") to be sufficient. See e.g. *Powers v. State,* 126 Ga. App. 113 (2) (189 SE2d 893).

3. The appellant's fourth enumeration is without merit. The trial court, in limiting the appellant's cross examination of the state's witness to inquire into only a few of the 20 or more investigations the witness had made (for the purpose of discrediting the witness' identification of appellant) did not abuse his discretion. *Geiger v. State,* 129 Ga. App. 488 (4) (199 SE2d 861); *Aycock v. State,* 62 Ga. App. 812 (2) (10 SE2d 84).

4. Nor did the trial court err in sustaining the district attorney's objection to closing remarks of ap-

pellant's counsel which attempted to infer that a state's witness was coerced into testifying by holding "open prosecutions" against him. Such fact was not in evidence and the remark was properly excluded from the jury's consideration. Code § 81-1009.

5. The trial court allowed into evidence the cocaine, the alleged sale of which formed the basis for Count 1. It was admitted into evidence even though the state failed to prove chain of custody. Nevertheless, the appellant has failed to show he was harmed by this error, since the jury returned a verdict of not guilty as to Count 1.

6. The question to the panel of jurors—"Have any of you had any personal relationship with any law enforcement officer personally?" did not require an affirmative response from a juror who was a neighbor of a member of the district attorney's staff of Fulton County.

7. The concluding instruction given by the trial judge was: "[T]his case must be decided by some jury, selected in the same manner as this jury was selected, and there is no reason to believe that a better qualified jury than yourselves would ever be chosen." Same is not unduly coercive and has been approved by the Supreme Court in recharges to the jury. *Spaulding v. State,* 232 Ga. 411 (4) (207 SE2d 43); *Ponder v. State,* 229 Ga. 720 (2) (194 SE2d 78).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1975 — DECIDED FEBRUARY 6, 1975 — REHEARING DENIED FEBRUARY 20, 1975 —

*Robert S. Windholz,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Joseph J. Drolet, Thomas W. Hayes, Assistant District Attorneys,* for appellee.