## 32230. JARVIS v. J & J BONDING COMPANY, INC.

BOWLES, Justice.

This is an appeal by Pat Jarvis, Sheriff of DeKalb County, Georgia, from an order of the Superior Court of DeKalb County requiring him to comply with court-ordered standards in approving professional bondsmen, and in his approval process, requiring him to act fairly and in a nondiscriminatory fashion. The original complaint, brought by J & J Bonding Company, seeking a mandamus absolute and a temporary injunction, alleged that the appellant arbitrarily refused to accept or approve any bond on which the appellee acted as surety.

Before appellant took office as sheriff on January 1, 1977, it was the practice of the Sheriff of DeKalb County to maintain a signboard listing the names and telephone numbers of certain professional bonding companies. The signboard was posted in a conspicuous location in the jail, where it could be readily seen and used by persons in need of the services offered by these companies.

From the time it began operation on January 1, 197ʳ until the appellant took office on January 1, 1977, tne appellee bonding company had its name and number posted on the signboard. During this period the company complied with all written and oral directives from the sheriff's office. As set forth in its order, the trial court found that certain potential liabilities on forfeited misdemeanor bonds by the J & J Bonding Company were about the same as other professional bondsmen. No claims against the company had been reduced to fi. fa., and no demand for payment had been made on any outstanding bonds. Therefore, the trial court concluded, the appellee company was a viable bonding company effectively performing the duties and meeting the responsibilities of a professional bonding company in a reasonably

competent manner, in accordance with standards and directives then in existence.

In its order issued on March 4, 1977, the Superior Court of DeKalb County ruled in favor of the appellee and ordered the appellant sheriff to perform the ministerial duties of accepting bail and approving bail bondsmen on felony bail bonds in accordance with temporary directives set forth in its order, to be replaced with permanent standards when formulated by the DeKalb Superior Court en banc. Appellant sheriff was ordered to use his sound discretion in approving misdemeanor bail bonds, considering standards relating to the bailbondsman's financial responsibility. The order enjoined the sheriff from discriminating against the J & J Bonding Company, and ordered him to replace the company's name on the signboard maintained for the purpose of listing available professional bonding companies.

On March 11, 1977, after the filing of this appeal, a bill enacted by the Georgia Legislature, amending Code Ann. § 27-418, became effective. It provided that in a felony commitment, a tender of surety must be acceptable to the sheriff of the county in which the alleged offense occurred, and further provided that the sheriff should publish and post written rules and regulations defining sureties and prescribing under what conditions sureties would be accepted. A similar provision placing the approval of sureties on misdemeanor bonds in the sheriff's discretion was in effect at the time the original suit was filed. Code Ann. § 27-902.

The appellant amended his appeal by filing a motion for a direction of dismissal of appellee's suit, contending that the Act passed by the legislature rendered the appellee's claim moot, and voided the order of the DeKalb County Superior Court entered on March 4, 1977, because the Georgia Legislature declared that the duty to formulate rules and regulations on acceptance of sureties rested with the sheriff and not with the superior court. Attached to a supplemental pleading was a copy of rules and regulations recently promulgated by the sheriff's office, setting forth requirements for the issuance of a certificate of authority to act as professional bondsmen. *Held:*

· The order of the Superior Court of DeKalb County dated March 4, 1977 is reversed and remanded. The trial court must reconsider the appellee's original complaint in light of the amendment to Code Ann. § 27-418, which became effective on March 11, 1977. This Act places the authority to accept sureties in felony cases in the office of the sheriff and not in the superior court. It requires the sheriff to publish and post written rules and regulations defining acceptable sureties and under what conditions sureties may be accepted. The superior court must decide whether the appellant is in compliance with the provisions of the new law. Any order of mandamus or injunction seeking obedience to the old law is rendered meaningless. Those parts of the March 4th order relating to misdemeanor bonds are reversed, although the law remains unchanged, in order to give the court the opportunity to render a new, comprehensive order, considering the mandate of the new amendment to the law as relates to felony bonds.

*Judgment reversed and remanded. All the Justices concur, except Ingram and Hall, JJ., who dissent.*

ARGUED MAY 9, 1977 — DECIDED
JUNE 16, 1977.

*Zachary & Seagraves, William E. Zachary, Jr.,* for appellant.

*James A. Mackay, Thomas W. Elliott, Kathleen E. Mackay, David L. G. King, Jr.,* for appellee.

INGRAM, Justice, dissenting.

I dissent to the majority opinion. It reverses the trial court's judgment as a result of Act No. 203 of the 1977 General Assembly, approved by the Governor on March 11, 1977, and, by its terms, effective on that date. This Act, as stated in the majority opinion, amends Code § 27-418 but I disagree with the majority's conclusion that it "places the [exclusive] authority to accept sureties in felony cases in the office of the sheriff and not in the superior court." The interpretation given this statute by

the majority opinion renders meaningless that portion of the statute which provides that "this Act shall not abrogate or repeal the common law authority of the judge having jurisdiction."

The judge having jurisdiction of felony cases is the superior court judge. In my view, the superior court judge has a good deal of common law authority and the present order, reversed by the majority opinion, is well within it with respect to felony matters. See *Corbett v. State,* 24 Ga. 391 (1858) for a good (and, I think, correct) statement by Justice Lumpkin on the common law authority of superior court judges regarding bail in felony cases. In my opinion, this court ought not to interfere with a superior court judge's discretion in handling these matters unless the local judge is clearly wrong. That has not been shown in this case and, therefore, I dissent.

I am authorized to state that Justice Hall joins in this dissent.