James Ray RENTON *v.* STATE of Arkansas

CR 79-34                                    577 S.W. 2d 595

Opinion delivered March 5, 1979
(In Banc)

*John B. Baker,* Public Defender, for petitioner.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Asst. Atty. Gen., for respondent.

GEORGE ROSE SMITH, Justice. The petitioner was charged by information with capital murder in the death of a police officer in Washington county. Our constitution has this provision with respect to bail: "All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great." Ark. Const., Art. 2, § 8 (1874). The petitioner applied to the circuit court for admission to bail, but the court denied the application on the ground that the proof was not evident nor the presumption great. The present petition for habeas corpus was filed here to review the trial court's decision.

The circuit judge, in holding that the burden of proof rested upon the accused, followed our decisions in such cases as *Smith* v. *State,* 256 Ark. 425, 508 S.W. 2d 54 (1974), holding that the filing of the information raises such a presumption of the accused's guilt as to cast upon him the burden of affirmatively showing that he is entitled to bail. The petitioner argues that our former position can no longer be maintained in the light of the Supreme Court's decision in *Gerstein* v. *Pugh,* 420 U.S. 103 (1975).

We must agree that the petitioner is right. In *Gerstein* the question was whether an arrested person could be detained in custody for an extended period without a judicial finding of probable cause for the detention, merely because the prosecuting attorney had filed an information charging the accused with a crime. The court held that the prosecutor's information, standing alone, does not satisfy the Fourth Amendment requirement that no warrant of arrest be issued except upon probable cause, that requirement being a matter for prompt judicial determination.

The principle laid down in *Gerstein* controls this case. That is, an accused person cannot be indefinitely detained in custody merely because he has been charged by information (as distinguished from a grand jury indictment) with the

commission of an offense. The burden is not on the accused to demonstrate his right to freedom; it is on the State to demonstrate its right to keep him in confinement. It follows that, in a capital case, the State must assume the burden of proving that bail should be denied because the proof is evident or the presumption great. Otherwise the accused is subjected to the difficult task of proving the negative, when it is the State which has instituted the prosecution and should fairly have the responsibility for defending its position when bail is sought.

The petition is granted, and the cause is remanded to the circuit court for a hearing upon the petitioner's application for admission to bail, with the burden resting upon the State to prove its assertion that the petitioner is constitutionally precluded from being released on bail because the proof is evident or the presumption great.