## S92A1154. AYALA v. THE STATE.
(425 SE2d 282)

FLETCHER, Justice.

This court granted the application for interlocutory appeal to consider whether the state must prove that a person charged with murder who seeks a pretrial bond has not met the conditions for release in OCGA § 17-6-1 (e). We hold that the defendant has the burden of producing evidence on community ties, but the state has the burden of persuading by a preponderance of the evidence that a defendant is not entitled to release on bail. We vacate the trial court's order denying bail and remand for further proceedings.

Jesus Ayala is charged with the murder and aggravated assault of his sister's husband, possession of a firearm during the commission of a felony, and obstruction of a law enforcement officer. The state is not seeking the death penalty. Ayala, a Mexican citizen, presented testimony at his bond hearing that he has resided in Hall County for three years and in the United States for twelve years; he has twenty to thirty relatives living in Hall County; and he would have a job in Hall County if released on bond. The state objected to bond because of the nature of the charges. The trial court found that the defendant met his burden of proving that he posed no danger to the community, risk of committing any felony, or risk of intimidating witnesses.[1] The court denied bond because "the defendant has not carried his burden of proving that he is not a risk to flee the jurisdiction of this Court if

---

[1] The trial court stated at the bond hearing:

It is the defendant's burden to show that he will return to appear for any court proceedings, that he will not threaten witnesses and he's not a danger to commit other offenses.

[I]n my mind it does not carry the defendant's burden for him to have three relatives come in here and testify to conclusory statements that they believe that he will appear, that they believe that he is not a danger to abscond.

I don't find that there's any basis for concern about the other so-called Birge [*v. State*, 238 Ga. 88 (230 SE2d 895) (1976)] criteria. I haven't heard anything from the State about any prior record of the defendant. I haven't heard any indication that he might . . . threaten or intimidate witnesses.

released on bond."

1. A person charged with the offense of murder may obtain bail only before a superior court judge. OCGA § 17-6-1 (a) (2). The purpose of a pretrial bond is to prevent punishment before a conviction and to secure the appearance of the person in court for trial. *Roberts v. State*, 32 Ga. App. 339, 340-341 (123 SE 151) (1924). The standards for determining whether to grant release prior to trial are based on the 1968 American Bar Association pretrial release standards. *Lane v. State*, 247 Ga. 387, 388, n. 2 (276 SE2d 644) (1981). The trial court may release a person on bail if the court finds the person:

> (1) Poses no significant risk of fleeing from the jurisdiction of the court or failing to appear in court when required;
> (2) Poses no significant threat or danger to any person, to the community, or to any property in the community;
> (3) Poses no significant risk of committing any felony pending trial; and
> (4) Poses no significant risk of intimidating witnesses or otherwise obstructing the administration of justice.

OCGA § 17-6-1 (e). The trial court must explain its reasons for denying bond to assist appellate review. *Lane*, 247 Ga. at 389. The granting or denial of bail will not be set aside unless there is a manifest and flagrant abuse of discretion. *Jernagin v. State*, 118 Ga. 307, 308 (45 SE 411) (1903).

This court has not addressed whether the state or the defendant has the burden of proof in pretrial bond hearings before a superior court. Neither the *Lane* opinion nor the law codifying the ABA standards specifies which party has the burden of proof or the evidentiary standard to be applied. See Ga. L. 1982, p. 910, § 1.

Because of the phrasing of the statutory language, we conclude that the defendant has the burden of coming forward initially with evidence to show that he or she poses no significant risk of fleeing, threatening the community, committing another crime, or intimidating a witness. This burden of production means that a person charged with murder must present evidence at the bond hearing on factors that indicate roots in the community.[2] These factors include the defendant's length and character of residence in the community, employment status and history, past history of responding to legal process, and prior criminal record. See *Lane*, 247 Ga. at 388, n. 2. Once the defendant meets the burden of production, the state may present

---

[2] To meet the burden of producing evidence, the "evidence must be such that a reasonable man could draw from it the inference of the existence of the particular fact to be proved." McCormick On Evidence, § 338 (E. Cleary 3d ed. 1984).

evidence to rebut it. Placing the burden of production on the defendant is fair because the accused is the best source of information on his or her community ties.

In this state, unlike many other states, the presumption of innocence has always remained with the person accused of a capital offense, even during the trial. *Vanderford v. Brand*, 126 Ga. 67, 70 (54 SE 822) (1906).[3] "The most fundamental premise of our criminal justice system is that a person ought not to be punished for a criminal offense until the state demonstrates guilt beyond a reasonable doubt." 2 ABA, Standards for Criminal Justice 10-1.1 comment (1980). "Unless [the] right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Stack v. Boyle*, 342 U. S. 1, 4 (72 SC 1, 96 LE 3) (1951).

To protect this presumption of innocence, we hold that the state has the burden of persuasion in convincing the superior court that a defendant is not entitled to pretrial release. This requirement means the state has the burden of proving by a preponderance of the evidence that the trial court should deny bail either to secure the defendant's appearance in court or to protect the community. Depending on the quality of the defendant's evidence, the state may not need to present any evidence to carry its burden of persuasion. Other states and the Federal Bail Reform Act, 18 USC §§ 3146-3152, place a similar burden of proof on the government.[4]

2. The state argues that the burden of proof should be placed on accused persons in pretrial bond hearings because convicted defendants have the burden of proof on appeal bonds. See *Moore v. State*, 151 Ga. App. 413, 414 (260 SE2d 350) (1979). The release of defend-

---

[3] Many states have included in their constitution an exception that capital offenses are not eligible for bail: "All prisoners shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption [of guilt] great." Thaler, *Punishing the Innocent: The Need for Due Process and the Presumption of Innocence Prior to Trial*, 1978 Wis. L. Rev. 441, 444. As a result of this provision, other courts held that the filing of an indictment raised a presumption of guilt against the defendant. *Vanderford*, 126 Ga. at 70; see *Renton v. State*, 265 Ark. 223 (577 SW2d 594) (1979) (citing cases requiring defendant to affirmatively show entitlement to bail because the filing of information raised a presumption of the accused's guilt). Following the U. S. Supreme Court opinion in *Gerstein v. Pugh*, 420 U. S. 103 (95 SC 854, 43 LE2d 54) (1975), the Arkansas Supreme Court determined that the state had the burden of proving that bail should be denied because the proof of guilt is evident or the presumption great. *Renton*, 577 SW2d at 595.

[4] See *State v. Casavina*, 163 N. J. Super. 27 (394 A2d 142, 144) (1978) ("The burden of proving grounds for exclusion [from ten percent cash bail program] by a preponderance of the evidence rests with the State."); *United States v. Orta*, 760 F2d 887, 891 (8th Cir. 1985) (finding majority of courts hold that burden of persuasion remains with the government and preponderance of the evidence standard applies on the risk of flight); see also 2 ABA, Standards for Criminal Justice 10-5.10 (d) & (e) (Supp. 1986) (requiring prosecuting attorney to bear burden of establishing by clear and convincing proof that preventive detention is warranted).

ants after their conviction for murder, however, is based on different standards than the pretrial release of persons accused of murder. See OCGA § 17-6-1 (g) (denying appeal bonds to certain convicted felons). We have held, for example, that the ABA Standards on release pending appeal do not apply in capital felony cases and that a trial court need not give any reasons for denying an appeal bond to a convicted murderer. *Hardin v. State*, 251 Ga. 533, 534 (307 SE2d 669) (1983). The defendant's conviction rebuts the prior presumption of innocence and justifies requiring the defendant to bear the burden of convincing the court to grant an appeal bond. See *Vanderford*, 126 Ga. at 70.

In contrast, the law favoring release of persons prior to trial supports placing the burden of persuasion on the state in hearings on pretrial release in superior court. Because the trial court placed the burden of proof on Ayala, rather than the state, we vacate the order denying bail and remand for reconsideration in light of this opinion.

*Order denying bail vacated and case remanded to the trial court. Clarke, C. J., Benham, Sears-Collins, Hunstein, JJ., and Judge William F. Blanks concur; Hunt, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 5, 1993.

*LeRoy W. Robinson, Jr., Robert A. Pinel,* for appellant.
*C. Andrew Fuller, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney,* for appellee.