JOHN W. LESTER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

The granting or refusing of bail is a matter within the sound discretion of the Court below, and this Court will not control that discretion unless it has been flagrantly abused.

Motion for bail, in Dougherty Superior Court. Decided by Judge ALLEN, at December Term, 1861.

John W. Lester stood indicted in Dougherty Superior Court for the murder of Albert G. Owen.

He was arrested under the charge on the 27th of June, 1861, and had been confined in jail ever since that time.

Lester *vs.* The State of Georgia.

At the December Term, 1861, he was put upon his trial for the offence, and the jury failing to agree upon a verdict, after deliberating for about thirty-eight hours, were discharged, and a new trial declared by the presiding Judge.

Counsel for the defendant then moved the Court to admit said defendant to bail, and predicated their motion upon the certificate of Drs. William P. Jennings, M. D., S. S. Crawford, M. D., and J. P. Hardwick, M. D., in which they state that they had examined the prisoner in the jail of said county, and found him suffering from a deranged state of his heart, and his general health impaired, which they regarded as the result of his confinement in said prison. The physicians recommended, for the benefit of the prisoner's health, that he be allowed the privilege of taking exercise in the passage of the jail, under the supervision of the jailor, at least three hours every day, and also that he be changed into another cell that is better ventilated than the one he was then in. These recommendations were made by the physicians, believing as they did that it would tend, to a great degree, to the restoration of the prisoner's health.

The presiding Judge refused to admit the prisoner to bail, but passed an order, " that the sheriff and jailor should have leave to remove the prisoner to another cell not unsafe, and otherwise to better the condition of the prisoner's health, if not inconsistent with the due custody and safe keeping of the said prisoner."

This ruling and decision of the Judge is complained of as error, and its reversal is asked by the plaintiff in error.

R. H. CLARK, STROZIER, for plaintiff in error.

D. A. VASON, *contra.*

*By the Court*—LYON, J., delivering the opinion.

The granting or refusal of bail in criminal cases is a matter resting in the sound discretion of the Court, to be exercised or not, according to the facts of each particular case. Corbitt vs. the State, 24th Georgia Report, 392. Before this Court

will interfere to control the judgment of the Court below in a matter resting solely in its discretion, it must be made to appear, that it has been exercised in an arbitrary, unjust and oppressive manner.   In other words, that such discretion has been flagrantly abused.   Loyless vs. Harrell, 15th Georgia Report, 566, and cases cited.

The ground upon which the application for bail was passed in this case, and in which it was insisted that the Court had abused its discretion, was that a continued incarceration put the prisoner's life in great jeopardy, and that it was necessary that he should be admitted to bail to restore his health, already impaired by confinement, etc.   The position of counsel is not sustained by the evidence offered—the certificate of physicians.   They say that they find him, upon examination, " suffering from a deranged state of his heart, and his general health impaired," which they regard as the result of his confinement in said prison."   There is not a conjecture, hazarded by the physicians, that the life of the prisoner will be endangered by further imprisonment.   Nor do they recommend his enlargements, on the contrary, they advise some sanitary regulations that physicians would prescribe most probably in the case of the soundest of persons in close confinement.

To require the Court to grant bail in such a case would be a most dangerous precedent, for there are few men whose health is not impaired by close confinement in a prison sufficiently close and strong to prevent their escape. At all events, a prisoner would always be able to get a certificate of an opinion on the subject, most generally one that he would be entitled to, as in this case, but always one some how or other.

Let the judgment be affirmed.