### 1036. JONES, *alias* SEALS, *v.* THE STATE.

A defendant being separately tried can not successfully object to testimony offered against him, on the ground that it was obtained by an illegal search and seizure of another person, though that person be jointly indicted with him.

Larceny, from city court of Macon—Judge Hodges. February 15, 1908.

Argued March 31,—Decided September 28, 1908.

*Glawson & Fowler,* for plaintiff in error.

*William Brunson, solicitor-general, Roland Ellis,* contra.

POWELL, J. This plaintiff in error was charged as an accomplice of one Taylor, as to whom a judgment of conviction has been this day affirmed. See *Taylor* v. *State,* ante, 740 (62 S. E. 482). As to the main points, this case is controlled by that decision. The record, however, presents one additional ground of error. A policeman testified to arresting both prisoners and finding through a search, a purse on each of them. The arrest was without warrant and seems to have been illegal. Counsel for defendant, in a single ground of his motion, complains of the admission of this testimony as a whole, on the ground that, through the alleged search and seizure of the two prisoners, the defendant was compelled to incriminate himself. Reference is had to the opinions of this court in *Hammock* v. *State,* 1 *Ga. App.* 126 (58 S. E. 66) ; *Hughes* v. *State,* 2 *Ga. App.* 29 (58 S. E. 390). `

So much of the testimony as related to the finding of the purse on the codefendant was certainly not subject to this objection by the prisoner in the present case. He could complain only as to evidence involuntarily disclosed by himself under the compulsion of the illegal search and seizure. An exception to the whole of

a piece of testimony, where part of it is admissible, is, according to the familiar rule, to be overruled.        *Judgment affirmed.*

RUSSELL, J., dissenting. I am fixed in the opinion that there should be no relaxation of the rule announced by this court in *Hammock* v. *State,* and *Hughes* v. *State,* supra. Every consideration of sound public policy calls specially for the enforcement of this rule, where it appears that the arresting officer has been overzealous in the prosecution. In my opinion, the well-recognized rule that an objection is worthless which is directed as a whole to testimony, some of which is competent and some illegal, has no application under the peculiar facts of this case. If the testimony to which objection was made had been that the policeman took a pocketbook of a certain description from the person of the defendant, and another pocketbook of a certain description from the person of another defendant, the rule would have applied, unless counsel had specified in his objection that he referred only to the testimony relating to the pocketbook taken from the defendant, and the objection would properly have been overruled. But under the language used by the witness, the defendant was precluded from separating the good from the bad. The witness's language was, "I found two pocketbooks on them; one on each." It was impossible to separate what was subject to objection from that which, under the rule stated in the headnote, was not subject to the specific objection urged. The conglomerate statement of the State's witness containing a poisonous element obnoxious to our constitution, which it was impossible to segregate, and the State having offered its testimony in the form it did, the defendant, in my opinion, had the right to attack it as he did.