### 12050.   PHARR *v.* THE STATE.

LUKE, J.   The evidence was sufficient to authorize the conviction of the defendant; and the verdict, having the approval of the trial judge, cannot be set aside by this court.
The single assignment of error upon an excerpt from the charge of the court, as to the effect of evidence of good character of the accused, is without merit, when the charge on that subject is read in its entirety. See, in this connection, *Hill* v. *State,* 18 *Ga. App.* 259 (89 S. E. 351).
   *Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*
     DECIDED MARCH 8, 1921.

Indictment for receiving stolen goods; from Wilkes superior court — Judge Walker.   December 5, 1920.

1.   A solitaire diamond ring valued at $1,600 was stolen by a boy, Charlie Means, and sold or pawned by him to Charley Pharr for $1.   Pharr, after Means had been convicted of larceny of the ring, was indicted for receiving stolen goods.   On Pharr's trial Means in his testimony admitted that he stole the ring, and said:

" I sold the ring to Charlie Pharr — pawned it to him for $1. He told me, if anything came up about the ring, to come back to him and he would let me have it back. I did not tell him where I got the ring. I don't know how long he kept the ring. I was in the pool-room, and he came up to me and said, ' I want to see you,' . . and when I went out there he said there was a strange boy out there wanted to buy this ring for $2. I told him not to sell the ring, that I would get it back Saturday, and he said, ' No,' he had to have his money; and he went in the pool-room and got the boy and sold him the ring. . . I did not know the boy he sold the ring to. . . Charlie gave me $1 and he kept the other. I did not agree for him to sell it to the other man." Others testified that Pharr told them of the pawning of the ring to him by Means, that he said he "got uneasy about it and wanted to get his money back," that he " thought there was something wrong with it and he wanted his money out of it," and got a strange negro boy out of a picture show and sold it to the boy for $2, and he did not know where the boy was." In his statement at the trial the defendant said: " This boy pawned me the ring for $1, and I carried the ring to him and he gave me my $1 back, and when he gave me the dollar back I didn't have no more to do with it. . . I had to give it back to him, and he sold it." Witnesses for the defendant testified that he had a good reputation for honesty, " the reputation of being an honest negro."

2. In the motion for a new trial it is alleged that the court erred in charging the jury as follows: " However, if you should find — and that beyond a reasonable doubt — that the defendant is guilty, under the rules of law and the evidence, facts, and circumstances of the case, you should find him guilty though you should find there is evidence of good character. All these things are to be considered by you." It is alleged that this " in effect excluded from the jury the right to find that the evidence of good character might have, in itself and in connection with the other evidence, generated a reasonable doubt;" that it in effect instructed the jury that if the evidence as to the crime satisfied them beyond a reasonable doubt, they should not even consider the evidence of character, and that it confused the jury as to what had gone before. This part of the charge was immediately preceded by instructions as follows: " If you find there is any evidence going to prove

good character of the defendant in the case, evidence of good character is like any other substantive fact. If you find there is evidence of good character that might be sufficient to generate in the minds of the jury a reasonable doubt as to the guilt of the accused, it must be considered along with the other evidence, facts, and circumstances of the case; if not sufficient to generate a reasonable doubt in the minds of the jury, it should be considered along with all the other evidence, facts, and circumstances of the case in passing on the issues made here, to ascertain whether or not the defendant is guilty as set out in the indictment."

*Colley & Colley*, for plaintiff in error.

*M. L. Felts, solicitor-general, R. C. Norman*, contra.