22596. PENNAMAN v. WALTON, Sheriff.

SUBMITTED SEPTEMBER 14, 1964—DECIDED OCTOBER 8, 1964.

*D. D. Veal,* for plaintiff in error.

HEAD, Presiding Justice. Able counsel for the applicant rests his application for habeas corpus upon the provisions of the Act of 1956 (Ga. L. 1956, p. 796; *Code Ann. Supp.* § 27-210) which provides: "Every officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the person authorized to examine, commit or receive bail and in any event to present the person arrested before a committing officer within 72 hours after arrest. The arresting officer shall notify the accused as to when and where the commitment hearing is to be held. The offender who is not notified of the time and place of the commitment hearing, before the hearing, shall be released."

Counsel insists that the General Assembly "intended, unequivocally, to put a definite limit on the time in which an arresting officer should take him before a committing officer," and that the hearing before the committing officer on June 11, 1964, was a "weak gesture to try to validate an illegal imprisonment." This contention, in effect, assumes a result not provided by the General Assembly. The first sentence of § 1 of the 1956 Act (*Code Ann. Supp.* § 27-210) imposes no penalty if the arresting officer fails to take the accused before a committing officer within 72 hours, nor is there any provision that the offender is to be released if no committal hearing was held within 72 hours.

The applicant claims to have requested the sheriff to fix a bond. This neither the sheriff nor a committal court (justice of the peace, see *Code* § 27-401) had authority to do, unless the charge should be reduced to less than a capital felony. Murder being a capital felony, only the judge of the superior court could fix bail, and this is in every case a matter of sound discretion. *Code* § 27-901; *Lester v. State*, 33 Ga. 192; *Jernagin v. State*, 118 Ga. 307 (45 SE 411). It is the duty of a court of inquiry simply to determine whether there is sufficient evidence to suspect the guilt of the accused. *Code* § 27-407. Under the facts of the present case the sheriff may have erred in not having the applicant committed within 72 hours, but the applicant was not injured by not having an earlier committal hearing.

The second and third sentences of § 1 of the 1956 Act (*Code Ann. Supp.* § 27-210) are more vague, uncertain, and indefinite

than the first sentence with reference to a committal hearing within 72 hours. These sentences state that the officer shall notify the accused when and where the commitment hearing is to be held, and that an offender not so notified shall be released. When shall such notice be given? Would thirty minutes before the hearing suffice, or should the notice be given thirty hours before the hearing? How shall the notice be given, in person by the arresting officer, or shall the notice be in writing? Counsel for the applicant was present at the committal hearing (as an observer), and it is not contended that the applicant was not given proper notice of the committal hearing held on June 11, 1964.

At the time of the habeas corpus hearing the applicant was held by the respondent under the order of June 11, 1964, of the committing officer binding him to the Superior Court of Putnam County on a charge of murder. "On the trial of an application for habeas corpus for the release of one charged with crime, the only question to be determined is the legality of the detention." *Sanders v. Paschal*, 186 Ga. 837 (199 SE 153). The applicant was not at the time of the habeas corpus hearing entitled to be released under the Act of 1956 (Ga. L. 1956, p. 796; *Code Ann. Supp.* § 27-210), and the judgment remanding him to the custody of the sheriff was not erroneous.

*Judgment affirmed. All the Justices concur.*