40797.    SHELTON v. THE STATE.

DECIDED MARCH 3, 1965—REHEARING DENIED MARCH 16, 1965.

*Wesley R. Asinof, Chester E. Wallace, F. L. Breen,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Robert Sparks, J. Walter LeCraw, William Hall, Jr.,* contra.

NICHOLS, Presiding Judge. ■ Special ground 1 of the amended motion for new trial assigns error on the refusal of the trial court to permit a witness for the defendant to testify. The record discloses that the "rule" had been invoked and that the witness had remained in the courtroom for various periods of time during the progress of the trial while other witnesses testified.

Under the decision of the Supreme Court in response to a certified question by this court (*Shelton v. State,* 220 Ga. 610, 140 SE2d 839), the witness was not disqualified from testifying in the case and while the defendant did not notify the trial court at that time as to the facts he expected to prove by such witness it was because the trial court refused to permit such showing.

An examination of the expected testimony of such witness contained in the amended motion for new trial shows that while some of such testimony would not have been admissible over proper objection other parts of such expected testimony were admissible and relevant. Accordingly, the trial court erred in overruling such ground of the defendant's motion for new trial.

■ Special ground 2 complains that the trial court erred in failing to exclude a part of an answer to a question asked a State's witness by the defendant as being not responsive to the question asked. The witness answered the question with a "no sir" and then explained his answer as he is permitted to do. See *Marques v. Ross,* 105 Ga. App. 133, 138 (123 SE2d 412), and citations. The answer was responsive to the question asked and is therefore distinguishable from cases exemplified by *Henderson v. State,* 208 Ga. 73 (65 SE2d 175), where the witness stated a legal conclusion, and *Mickle v. Moore,* 188 Ga. 444 (6) (4 SE2d 217), where the answer was not responsive to the question asked.

■ Special grounds 3 and 5 complain that the trial court erred in failing to grant a mistrial on motion of the defendant, but such grounds do not disclose the grounds on which such motions were made during the trial of the case. "The motion for a

new trial merely states that counsel made a motion for a mistrial, which was overruled by the court, and nowhere therein is it stated upon what grounds counsel moved the court for a mistrial. The contentions of counsel as shown by this ground as to why a motion for a mistrial should have been granted do not appear to have been urged before the trial court. This ground of the motion for new trial is too defective and incomplete to present any question for decision, and the trial judge did not err in overruling it. *Owens v. State,* 32 Ga. App. 417, 418 (2) (123 SE 919); *Lumbermens Underwriting Alliance v. First National Bank & Trust Co.,* 100 Ga. App. 217, 223 (5) (110 SE2d 782)." *Whitehead v. State,* 101 Ga. App. 732 (115 SE2d 429).

■ Under the decision of the Supreme Court in *Cooper v. State,* 182 Ga. 42 (2) (184 SE 716; 104 ALR 1309), the trial court did not err in admitting in evidence a photograph of the defendant which was identified by various witnesses to connect him with possession of the stolen automobile, and for the same reason a finger print record made by one of the witnesses for the State was properly admitted over the defendant's objection. Special grounds 4 and 8 are without merit.

■ Special ground 6 which complains that the trial court erred in refusing a timely written request to charge that the defendant could not be convicted if the automobile was the property of the wife of the person named as the owner in the indictment or the joint property of such person and his wife. As pointed out in *Thomas v. State,* 125 Ga. 286 (54 SE 182), one charged with larceny will not be heard "to raise nice and delicate questions as to the title of the article stolen." See also *Lawrence v. State,* 26 Ga. App. 607 (107 SE 621); *Norton v. State,* 73 Ga. App. 307 (36 SE2d 120), and citations. The trial court did not err in failing to give the charge requested.

■ Special ground 7 complains of the exclusion of certain testimony sought to be elicited from a State's witness while on cross examination. The trial court did not exclude any testimony but only ruled that the question asked was too vague and indefinite, and that it should be more specific. No harmful error is shown by this ground of the motion for new trial.

■

■ Special grounds 9, 10 and 11 complain of excerpts from the court's charge. Each of these grounds has been carefully examined and is without merit.

■ Special ground 12 complains of the failure of the trial court to exclude evidence allegedly obtained as a result of an illegal search and seizure so as to make such evidence inadmissible under the decisions of Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081), and Dennis v. State, 108 Ga. App. 646 (134 SE2d 519), and similar cases construing and applying constitutional provisions against illegal searches and seizures and the applicability to the admission of evidence in criminal cases.

The evidence objected to in the present case was not procured from any search of the defendant, or of any search of his residence or place of business, or from an automobile to which he claimed a right of possession at the time the evidence was offered, but from the allegedly stolen automobile after the police had determined that it was a stolen automobile. As was held in Jones v. State, 4 Ga. App. 741 (62 SE 482): "A defendant . . . cannot successfully object to testimony offered against him, on the ground that it was obtained by an illegal search and seizure of another person. . ." This ground of the motion for new trial was properly overruled.

■ Special ground 13 of the motion for new trial complains that the trial court erred in refusing to require the State to elect whether to travel and insist upon a conviction upon count 1 (larceny of an automobile) or count 2 (receiving stolen goods). This judgment of the trial court was not error. See Freeman v. State, 35 Ga. App. 223 (1) (132 SE 782), and citations.

■ The evidence adduced on the trial of the case consists of over three hundred pages and it would indeed serve no useful purpose to set forth such evidence here, and since the case must again be tried the usual general grounds of the motion for new trial will not be passed upon except to state that the evidence did not demand a verdict for the defendant.

*Judgment reversed. Hall and Russell, JJ., concur.*