111 Ga. App. 697 (1965)
143 S.E.2d 41
NICHOLS
v.
THE STATE.
41311.
Court of Appeals of Georgia.
Argued May 4, 1965.
Decided May 17, 1965.
*698 Sullivan, Herndon & Smith, John J. Sullivan, for plaintiff in error.
Andrew J. Ryan, Jr., Solicitor General, Andrew J. Ryan, III, contra.
EBERHARDT, Judge.
1. The only special ground in the motion for new trial assigns error upon the admission of testimony of Nathaniel Milton that: "Graves and I took them (oysters) together and put them on a company truck and afterwards we put them on a truck driven by Brown, and the three of us took them to the Carrellas store, where me and Graves took the oysters off Brown's truck and turned them over to John Henry Nichols sitting over there (identifying defendant) at Carrellas Brothers; he worked there; and me and Robert Graves divided the money up. Nichols didn't know we were oyster salesmen." The error assigned is that the witness testified on cross examination that he had made a statement to the same effect to the police after they told him he could not get out on bond.
It is conceded that this "testimony was not objected to at the time" it was offered. "[N]o court of review can adjudicate a question which was not properly and timely presented to the trial judge. A court of review is to correct errors of the lower court, and the judge in the lower court can not err as to a matter which he is not called upon to adjudicate." Hamilton v. State, 169 Ga. 613, 616 (151 SE 17). Moreover, there was similar testimony from Graves, unobjected to, who did not testify that he had made the same statement to the police after being advised that he could not get bond or under any other circumstances.
It is to be observed that the witness did not, in his testimony, deny the truth of the statement which was given to the police; on the other hand he testified positively to the same facts. It was his testimony, and not the statement given the police, that was before the court.
The cases of Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908); Massiah v. U. S., 377 U. S. 201 (84 SC 1199, 12 LE2d 246); McLemore v. State, 181 Ga. 462 (182 SE 618, 102 ALR 634); Lemon v. State, 80 Ga. App. 854 (57 SE2d 626); Smith v. State, 64 Ga. App. 312 (13 SE2d 96); McKennon v. State, 63 Ga. App. 466 (11 SE2d 416), and others dealing with admission of confessions of the defendant which may have been *699 obtained improperly have no application to this situation. Cf. Jones v. State, 4 Ga. App. 741 (62 SE 482); Shelton v. State, 111 Ga. App. 351 (8) (141 SE2d 776). Nor does Upshaw v. U. S., 335 U. S. 410 (69 SC 170, 93 LE 100), dealing with the matter of unnecessary delay in taking an arrested person before a committing magistrate and obtaining a confession from him during the interim of delay. It, too, deals with the matter of a confession by the defendant. And see, Pennaman v. Walton, 220 Ga. 295 (138 SE2d 571).
Even if the testimony had been objectionable, since the judge was acting both as judge and jury, it must be presumed that he "has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent," unless from the judgment itself it appears that consideration was given to testimony that should have been excluded. Bailey v. Holmes, 163 Ga. 272, 275 (136 SE 60); Ward v. State, 26 Ga. App. 61 (105 SE 373). We can not say that the conviction here rested upon any inadmissible evidence.
2. We come now to consider the general grounds. There was proof that the oysters were stolen, proof of ownership, proof of value, and proof that they were sold by the thieves to this defendant. But there was no proof that the price paid was so disproportionate to value as to charge him with notice that the oysters were stolen goods. The only evidence that in any wise indicates that the purchase price may have been much below the value was a statement by Henry Brown, a witness for the defendant, that "I cannot conceive of any 20 gallons of oysters being worth $184, and I cannot conceive of Nichols being able to get $35 to purchase oysters."
"Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods (Sanford v. State, 4 Ga. App. 449, 61 SE 741; O'Connell v. State, 55 Ga. 191), and this knowledge on the part of the accused must be proved, to warrant a conviction under the Penal Code § 168 [now § 26-2620] (Stripland v. State, 114 Ga. 843, 40 SE 993); but it may be inferred from circumstances (Birdsong v. State, 120 Ga. 850, 48 SE 329; Rivers v. State, 118 Ga. 42-45, 44 SE 859), where the circumstances shown would excite suspicion in the minds of ordinarily prudent men (Cobb v. State, 76 Ga. 664; Cobb v. State, 78 Ga. 801, 2 SE 628); and *700 `the rule is too well settled to be disturbed, that the possession of stolen property immediately after it is stolen puts upon the possessor the burden of proving that his was not a guilty possession.' Daniel v. State, 65 Ga. 200; Wiley v. State, 3 Ga. App. 120 (2), 123 (59 SE 438)." Williams v. State, 16 Ga. App. 697 (6) (85 SE 973).
Buying at a price grossly less than value is a circumstance sufficient to excite suspicion and when that it shown a conviction is authorized. Pharr v. State, 26 Ga. App. 433 (106 SE 306). If it had sufficiently appeared in the evidence here that the defendant purchased oysters valued at $184 for $35, as is suggested may have been the case by the statement of his own witness, we should have no hesitancy in affirming. But it does not. For aught that appears in this record the defendant may have paid full value for the oysters. True enough, the suggestion of that is strongly refuted by his denial that he purchased any oysters from the thieves, though admitting that they came to the place where they claim to have sold them to him, that he was there and that he saw them. This circumstance, if buttressed by evidence as to the sale at a price disproportionate to value would certainly have been ample to support a conviction. If the defendant had been found in possession of the oysters shortly after they were stolen the evidence would have been enough  but that was not the case.
The State may have had the evidence by which a legal conviction could have been obtained, but it failed in presenting it. There is dependence upon circumstantial evidence for showing guilty knowledge that the oysters were stolen goods, and the circumstances shown are not sufficient.
Judgment reversed. Nichols, P. J., and Pannell, J., concur.