41570. JOHNSON v. THE STATE.

ARGUED OCTOBER 5, 1965—DECIDED OCTOBER 14, 1965—
REHEARING DENIED NOVEMBER 3, 1965.

*Wotton, Long, Jones & Read, Charles D. Read, Jr., D. R. Jones, Marion W. Corbitt,* for appellant.

*Jere F. White, Solicitor General,* for appellee.

NICHOLS, Presiding Judge. ■ During the trial of the case the co-indictees of the defendant invoked the Fifth Amendment of the Constitution of the United States by refusing to answer questions upon the ground of possible self-incrimination. The solicitor general orally offered immunity in open court to one witness whereupon the witness was directed by the trial court to answer and the trial court directed the other witness to testify because his case had already been tried and the jury who heard it was deliberating at the time the witness was on the stand in the present case.

No contention is made that the testimony of these witnesses was without probative value if properly admitted, for the basis of each objection is that the witnesses were required to testify against the defendant after invoking their constitutional right against self-incrimination.

Each case cited by the appellant deals with the right of the witness not to testify where the answer would tend to incriminate him unless under a valid statute immunity from prosecution is granted, and do not relate to the right of a defendant to complain because a witness is compelled to testify against him after claiming the right not to testify under such constitutional provision.

In *Morman v. State*, 133 Ga. 76 (65 SE 146), it was held that a defendant cannot complain of errors harmful to his co-defendants but harmless as to him. See also *Barron v. State*, 12 Ga. App. 342 (6) (77 SE 214). In *Shelton v. State*, 111 Ga. App. 351 (8) (141 SE2d 776), it was held: "A defendant cannot successfully object to evidence allegedly obtained as a result of an illegal search and seizure of another person's property and to which the defendant disclaims any interest." See also *Jones v. State*, 4 Ga. App. 741 (62 SE 482).

In Beauvoir Club v. State, 148 Ala. 643, 653 (42 S 1040), the Supreme Court of Alabama held: "It is undoubtedly the law that a witness cannot be compelled to answer any question the answer to which would tend to incriminate him, or would constitute a necessary link in the chain of testimony sufficient to convict him of a criminal offense [citations]. But the privilege is personal to the witness, and cannot be claimed for him by a party to the suit [citations]; and when it is claimed by the witness, and the court rules the witness must answer, and he does answer without further protest from him, notwithstanding the defendant objects and excepts to the court's ruling, the evidence is not illegal as to the defendant, and he cannot review the action of the court here." While the decision quoted above is not controlling authority it is persuasive and is in accordance with the decisions of this court and the Supreme Court which hold that to constitute cause for reversal error must be harmful to the appellant. Accordingly, while the testimony objected to

may have been admitted in violation of the constitutional rights of the witnesses, the defendant could not complain. Therefore, the objections of the defendant to testimony of the witnesses Towe and Irvin show no reversible error.

■ The next question presented deals with the testimony of the Chief of Police of Cartersville, Ga., and an exhibit identified by the witness as having been obtained from the defendant Johnson. In support of these alleged errors the defendant relies upon the case of *Raif v. State*, 109 Ga. App. 354 (136 SE2d 169), and similar cases where evidence was held to be inadmissible where it was obtained from a defendant as the result of an illegal search and seizure or while the defendant was under illegal arrest.

Such cases are distinguishable from the case sub judice on their facts. Here there was no illegal arrest at the time the defendant gave the witness the documentary evidence. It was undisputed that the defendant went to the police station to see about having returned to him a vehicle abandoned or left on the street some four or five blocks from the location where the crime allegedly took place, and in response to a request for proof of ownership of such vehicle produced the bill of sale (the documentary evidence to which objection was made). The trial court did not err in refusing to rule out the testimony of the police chief or in admitting in evidence the bill of sale.

■ Error is assigned because the trial court admitted in evidence documentary evidence which the defendant contends was hearsay.

Under the Act of 1952 (Ga. L. 1952, p. 177; *Code Ann.* § 38-711), the paper was admissible as a business record and was not otherwise inadmissible.

■ The case sub judice was tried in August 1964; the motion for new trial was overruled in July 1965; and the notice of appeal was filed in August 1965. No error was assigned on the charge in the motion for new trial and in the absence of the 1965 Appellate Practice Act (Ga. L. 1965, p. 18), as amended (Ga. L. 1965, p. 240), no error could be assigned on such charge. However, assuming but not deciding that the Act of 1965, supra, as amended permitted the defendant to raise questions as to the

charge on appeal for the first time where a new trial, which did not include such grounds, had been overruled prior to the effective date of such Act, the charge on impeachment of witnesses was not reversible error under the decision of the Supreme Court in *Johnson v. State*, 215 Ga. 839, 842 (114 SE2d 35), and cases cited. Nor was the charge on conspiracy error for any reason assigned.

■ The evidence authorized the verdict and the trial court did not err for any reason assigned.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*