49315. HESS v. THE STATE.

EBERHARDT, Presiding Judge.

Eve Pearson and Cathy Hess, students at West Georgia College, were indicted under Code Ann. § 26-1601 for the offense of burglary, charging that they did on May 30, 1973 unlawfully and without authority, and with intent to commit a theft (or a felony) therein enter the dwelling house of Mrs. Carrie M. Duffey, the owner thereof.

Defendants secured counsel and entered pleas of not guilty, and the case was called for trial before a jury.

R. L. Duffey, testifying for the state, asserted that he lived across the street from a dwelling owned by his mother, in which she had lived sporadically for the past ten years but which she was not occupying on May 30, 1973; that his children came into the house and informed him that someone had stopped in front of his mother's house and was going in it. He came out of his house and saw a young lady, whom he learned to be Eve Pearson, in the act of trying to put a rocking chair from his mother's house into a car, and another young lady, whom he learned to be Cathy Hess, standing by. They appeared to have been together.

He inquired of Miss Pearson whether he could be of help and she replied that she would like help in getting the chair into the car. He then remarked that he would help the young ladies to jail as he wrote down the tag number on the car. He then called the sheriff's office and Deputy Farris came out.

Miss Pearson stated to Duffey and Deputy Farris that she had gotten the chair from the house and explained that she and Miss Hess had recently attended a party where a girl named Karen Lyle had told them of an abandoned house containing furniture, including a rocking chair, that they might have if they wished to go and get it — that it had long been abandoned and was "something we just like to think of as ours." Others named who had been at the party were Paul Phillips and Paul Jacobs, none of whom was registered as a student at West Georgia College and the officers were unable to locate any of them.

Each defendant testified under oath, asserting that there had been no intent to steal, and that they had been under the impression that Karen Lyle had given them permission to go to the house and take what they might want.

Miss Hess got out of the car along with Miss Pearson when Miss Pearson drove up and stopped in front of the Duffey house. They walked up to and on the front porch, and when Miss Pearson took hold of the door to open it, Miss Hess retreated to the car, saying that the place gave her the "whimmies." Miss Pearson went inside, took the chair and carried it out to the car for loading. Miss Hess

rendered no assistance in bringing the chair out or attempting to load it. It was late in the afternoon but not yet dark.

The defendants, jointly indicted, were tried together and a verdict of guilty was returned as to each of them, and on the sentencing phase the jury fixed the punishment for each of them at one year, the minimum for the offense as provided by the statute.

Each moved for a new trial. Miss Pearson withdrew her motion when it came on for hearing, and was committed to the Department of Corrections. Miss Hess amended her motion and when it was denied, duly entered her appeal. The enumerations of error will be dealt with in the opinion. *Held:*

1. On appeal the evidence must be construed to uphold the verdict, the conflicts must be resolved against the appellant, and if there is any evidence to support the verdict it must be affirmed. *Johnson v. State,* 231 Ga. 138 (1) (200 SE2d 734); *Taylor v. State,* 128 Ga. App. 13, 14 (195 SE2d 294).

Applying this rule, we find the general grounds to be without merit.

2. (a) The evidence of a criminal intent on the part of Miss Hess is far from being strong, but that is a factual issue for resolution by the jury, and the jury is authorized to consider the evidence as a whole, including the defendant's testimony that she had had no such intent. *Cain v. State,* 112 Ga. App. 646 (1) (145 SE2d 773). The circumstances surrounding the matter, the conduct of the parties involved, whether the offense was committed in the open during light hours of the day or under cover of darkness, whether the defendants were or appeared to be acting independently or in concert, whether their actions were pursuant to a reasonable claim of good faith, etc. may all be considered. The jury is authorized to infer an intent to commit the offense when it appears that valuable effects were in the building entered. *Bowen v. State,* 128 Ga. App. 577 (1) (197 SE2d 738).

(b) While the mere presence of one at a place where a crime is committed is not enough to show participation in or a concern in it under Code Ann. § 26-801, *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654), yet more than

*mere* presence appears here. The defendants rode out together in search of the house, found it, stopped, got out of the car and together walked up on the porch, where Miss Pearson entered and took the chair. Where two or more people become involved in the making of an unlawful entry it is not unusual for one of them to remain on the outside as a lookout, and the jury was authorized to find from the circumstances this to be the case here, notwithstanding a contrary indication by their testimony. In this situation the lack of a physical entry by appellant becomes immaterial. Code Ann. § 26-801.

(c) "There is no requirement in the law that a house be continuously occupied in order to be a 'dwelling.' It is sufficient that it is occasionally occupied for residential purposes and any such lawful occupant has a superior right as against burglars for the purpose of an indictment." *Montgomery.v. State,* 128 Ga. App. 116 (2) (195 SE2d 784). It is likewise sufficient to support a conviction.

(d) Appellant urges error in denial of her request to charge on a misapprehension of fact, which, if true, would have justified the act committed. Code Ann. § 26-705.

This is based upon the statement alleged to have been made to the defendants by Karen Lyle that the house was "abandoned," that "we like to think of it as ours," and her invitation to go out and "help yourself" to whatever might be found in the house. This statement falls short of a claim of ownership by Miss Lyle and can not be construed to amount to a gift by her. The mere fact that a house is not presently occupied does not give rise to rights under claims by others. It does not support a reasonable and honest mistake of fact as to its ownership. See *Montgomery v. State,* 128 Ga. App. 116 (2), supra. We should note, too, that defendants had more reason to doubt than to rely upon the statements of Miss Lyle, who was described as a "traveler," or tramp, a rank stranger whom they had not seen before or since and who could not be located by the sheriff's office. Denial of this request to charge was proper.

3. A more serious enumeration of error relates to the admission, over objection, of testimony by Mrs.

Duffey, owner of the house, that after the defendants' episode of Wednesday afternoon, May 30, she went to the house either on Friday (June 1) or on June 2 and checked it out, finding missing from it since her check of some indefinite past occasion the following: "One handmade white bedspread, one white seersucker bedspread, one yellow chenille bedspread, one yellow woven spread, one crochet doily done in brown and a bedspread in punchwork, spread made on heavy sheeting with wide flower border and a bolster to match, white handmade linen drawn work cloth, large enough for a dining table, taffeta comforter and several quilts, blankets, sheets, pillows, and gold drapery, hand-painted picture painted on glass, two felt squares, dark wood frame, one set consisting of heavy glass fruit bowl and two double candlesticks to match, six-piece set of water glasses with wide gold band at bottom, goblets and — stem (inarticulate), one china snack tray, flower design with cup to match, one extra large dark green mixing bowl, one clear-cut glass covered candy dish, one antique china ashtray, and several other keepsakes, two pieced quilt tops, one small square wooden table, unpainted, and several crocheted doilies, one broom, mop, and plastic bucket." The defendants had been apprehended on Wednesday and Mrs. Duffey stated that the house was locked from the inside and that "whoever did it broke in a window." It did not appear that any window was broken on the occasion when these young women went to the house and removed a rocking chair. She did not know whether defendants had any connection with anything but the chair, and had no evidence to indicate that they did.

Her son had previously testified that things had been taken from the house and yard by unknown parties on *prior occasions* and that he felt that a gang of people were involved, that he had suggested to the defendants that if they would cooperate and help to catch the others he would refrain from prosecuting them. Defendants gave him and the Deputy the names of people who, at the party, had informed them about the "abandoned" house, but none of these could be traced or found.

The only item that could be connected with

defendants was the chair. None of the others had been moved from the house by them and none was found in the car on the occasion in question. None was found in their possession.

The list of items which Mrs. Duffey read off, over objection, simply has no relevance to the defendants or to the occasion in question. Nothing in the evidence tends to connect any of the listed items with the defendants, either directly or circumstantially. The evidence was inadmissible and harmful. A new trial must result. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615); *Hawkins v. State,* 6 Ga. App. 109 (64 SE 289); *Slappey v. State,* 64 Ga. App. 713 (13 SE2d 873).

Under the circumstances here the evidence tends to show the commission of another crime or other crimes, though of the same nature or sort and for which there has been no conviction, and it is irrelevant and inadmissible, as was urged in the trial court. *Williams v. State,* 152 Ga. 498 (110 SE 286).

4. Enumerations of error relating to the admission or exclusion of character evidence offered by appellant's co-defendant and which went to the co-defendant's character only, are irrelevant on this appeal. *Johnson v. State,* 112 Ga. App. 597 (1) (145 SE2d 636).

5. Appellant offered a witness as to her own character. A question addressed to the witness was: "In your dealings with Cathy did you have a chance to observe her as she dealt with other people in the community?" An objection was sustained, but we think the witness should have been allowed to answer under the standard of *Peeples v. State,* 103 Ga. 629 (29 SE 691); *Arnold v. State,* 131 Ga. 494 (62 SE 806); and *Dunn v. State,* 16 Ga. App. 9 (84 SE 488), thus illustrating whether the witness has a foundation for testifying to the defendant's good reputation and character. This is not to say that counsel is to be permitted to go into particular acts or deeds of the accused in formulating the questions. That is impermissible on direct examination.

Another question to which objection was sustained was: "Are you familiar with Cathy's reputation for honesty and integrity?" If this were a matter of first impression we would be inclined to hold that the question

was proper and should have been allowed, since unquestionably the honesty and integrity of a defendant charged with burglary is involved and is relevant. See Code § 38-202. But see *Davis v. State,* 60 Ga. App. 772 (3) (5 SE2d 89). However, there was no showing as to what the witness was expected to answer, and no error can be demonstrated. *Bush v. State,* 109 Ga. 120 (2) (34 SE 298).

For the reason appearing in Division 3 harmful error appears and the judgment is reversed.

*Judgment reversed. Deen and Stolz, JJ., concur.*

ARGUED MAY 7, 1974 — DECIDED MAY 15, 1974 — REHEARING DENIED MAY 30, 1974 —

*Swift, Currie, McGhee & Heirs, Warner S. Currie, Samuel P. Pierce, Jr., George C. Reid, Tisinger & Tisinger, J. Thomas Vance,* for appellant.

*Eldridge W. Fleming, District Attorney,* for appellee.