## 34317. SIMS v. THE STATE.

BOWLES, Justice.

Appellant Charlie Lee Sims was indicted by a Sumter County grand jury for armed robbery and felony murder. He was tried along with two co-defendants and

found guilty of both offenses. His co-defendants, indicted on the same two counts, were found guilty of armed robbery, and a mistrial was declared as to the felony murder charges against them. The trial court, finding the armed robbery count to be an integral part of and merged into the felony murder count, vacated appellant's conviction of armed robbery, and sentenced appellant to life imprisonment for murder. We affirm.

1. Appellant complains that the trial court erred in allowing a witness to testify, over objection, as to incriminating statements allegedly made to her by appellant, in violation of Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) and *Reddish v. State,* 238 Ga. 136 (231 SE2d 737) (1977). The testimony objected to is that of Robenna Butts, who repeated a statement made by appellant to her that, "he might have killed a man for $5.00."

The rule enunciated in Bruton, supra, prohibits the statement or confession of a co-defendant who does not testify at a joint trial, to be used to implicate other co-defendants. Bruton, supra, was decided on Sixth Amendment principles, which protects a defendant's right to confrontation of witnesses.

The Bruton rule is inapposite here. Appellant is attacking his own statement, implicating only himself. He was afforded a full opportunity to cross examine the witness Robenna Butts concerning her testimony. We find no error in allowing the testimony. Appellant's first enumeration of error is without merit.

2. At the trial of all three defendants, James Looney, a detective with the Americus Police Department, testified that he obtained a written statement from co-defendant Oscar Lee Lester, which led to additional evidence in appellant's case. Lester's statement was found to have been obtained in violation of the Juvenile Court Code and was held to be inadmissible at the joint trial.

Appellant complains of the admission of certain evidence, which he contends was obtained as a direct result of the illegal confession of his co-defendant. The evidence objected to was the testimony of three state's witnesses implicating appellant as a participant in the murder and robbery, a .22 caliber rifle identified as the

murder weapon, and testimony of a ballistics expert regarding ballistics tests performed on the murder weapon.

We find that appellant lacks standing to attack the admission of the murder weapon and the testimony of state's witnesses as being "fruit of the poisonous tree." A party will not be heard to complain of the violation of another person's constitutional rights. The only person with standing to complain of the admission of fruits gained from an illegally obtained confession would be the person who made the confession. In this case, that person is Oscar Lee Lester, not appellant. See: Alderman v. United States, 394 U. S. 165 (89 SC 961, 22 LE2d 176) (1969), reh. d. 394 U. S. 939 (1969); Gissendanner v. Wainwright, 482 F2d 1293 (5th Cir. 1973); U. S. v. Dowdy, 486 F2d 1042, 1043 (5th Cir. 1973); *Grantling v. State,* 229 Ga. 746, 747 (194 SE2d 405) (1972); *Wisdom v. State,* 234 Ga. 650, 657 (217 SE2d 244) (1975); *Lively v. State,* 237 Ga. 35, 36 (226 SE2d 581) (1976).

Appellant's enumerations of error two, three and four concerning the admissibility of the murder weapon and testimony of state's witnesses are without merit.

3. Appellant complains that the trial court erred in admitting the testimony of the state's ballistics expert regarding tests performed on the bullet allegedly removed from the victim, for the additional reason that the bullet was not properly identified as being the bullet removed from the victim.

We have reviewed the testimony of the doctor who removed the bullet from the victim, and are satisfied that the bullet introduced into evidence by the state was sufficiently identified as being the one removed from the victim, in that it bore a mark placed on it by the doctor at the time of its removal, and its shape was the same as that described in the doctor's notes made at the time of its removal. There is no requirement that the authenticity of an exhibit be proved to an absolute certainty. *West v. State,* 232 Ga. 861 (1) (209 SE2d 195) (1974); *Jackson v. State,* 236 Ga. 895 (2) (225 SE2d 908) (1976).

The bullet was admissible, and its introduction laid a proper foundation for the opinion testimony of the state's ballistics expert. Appellant's enumeration of error is

without merit.

4. Appellant complains that the trial court erred in failing to grant his motion for mistrial after a witness testified that appellant had, "[S]hot him in the back." Appellant objected to the statement on the grounds that the witness was not present at the shooting, and that the statement was prejudicial. While refusing to grant a mistrial, the trial judge agreed that the statement was inadmissible, and instructed the jury to disregard the statement unless it was shown that the witness had personal knowledge of the information.

The decision of whether to grant a motion for mistrial lies within the sound discretion of the trial judge, and his judgment will not be disturbed on appeal absent a showing of abuse of discretion. *Patterson v. State,* 239 Ga. 409 (2) (238 SE2d 2) (1977). We find no abuse, and affirm the conviction.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 8, 1979 — DECIDED FEBRUARY 6, 1979.

*Myers, Parks & Fennessy, Michael A. Fennessy,* for appellant.

*Claude N. Morris, District Attorney, Howard S. McKelvey, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.